# In the United States District Court
# For the Southern District Of Georgia
# Waycross Division

| | | |
|---|---|---|
| JAKE STEVE MICHEL, | * | |
| | * | |
| Petitioner, | * | CIVIL ACTION NO.: 5:14-cv-91 |
| | * | |
| v. | * | |
| | * | |
| UNITED STATES DEPARTMENT OF | * | |
| JUSTICE; ERIC HOLDER; BUREAU OF | * | |
| PRISONS; CHARLES SAMUELS; STACY | * | |
| STONE; and TRACY JOHNS, | * | |
| | * | |
| Respondents. | * | |

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, as set forth herein. Petitioner Jake Michel ("Michel") failed to file any Objections to the Magistrate Judge's Report and Recommendation.

Michel's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, dkt. no. 1, is **DISMISSED**, without prejudice, based on Michel's failure to raise claims cognizable pursuant to Section 2241 and for his failure to exhaust his available administrative remedies prior to filing his Petition for those claims which are cognizable under Section 2241. All

named Respondents, other than Tracy Johns, are **DISMISSED**.[1] The Clerk of Court is **DIRECTED** to enter the appropriate judgment of dismissal and to **CLOSE** this case. Should Michel seek to proceed in *forma pauperis* on appeal, his request shall be **DENIED**.[2]

**SO ORDERED**, this 14 day of November, 2015.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Even though the undersigned is dismissing Michel's petition in its entirety, the distinction for the dismissal of all Respondents other than Tracy Johns is made because Tracy Johns, as Michel's custodian at the time he filed his Petition, is the only proper respondent in this Section 2241 Petition. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas challenges to present physical confinement . . . the default rule is that the proper respondent is the warden of the facility where the prisoner is being held[.]").

[2] Because Michel filed a Section 2241 Petition in this Court, no Certificate of Appealability ("COA") is required for purposes of an appeal. 28 U.S.C. § 2253(c); Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).